UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 4:15CR346 AGF (NCC) |
| | ) | |
| CHRISTOPHER ROE | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter came before the Court on August 10, 2015, for a detention hearing on the government's motion for pretrial detention of defendant, Christopher Roe, ("Defendant") under the Bail Reform Act of 1984, 18 U.S.C. § 3142. (Doc. No. 4).

Defendant is charged in an indictment with transportation (Count 1), receipt (Count 2) and possession (Count 3) of child pornography in violation of 18 U.S.C. §§ 2251A and 2252A, respectively. If convicted, Defendant potentially faces a mandatory minimum term of imprisonment of five years and a maximum term of imprisonment of twenty years on Counts 1 and 2, and a maximum term of imprisonment of 10 years on Count 3.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)(quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, because the Defendant here has been charged with offenses involving a minor victim under 18 U.S.C. §§ 2251A and 2252A, the government's case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. §3142(e)(3). In light of this presumption, the defendant has the burden to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). If the defendant produces such evidence, the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention. *Id.* Throughout all, the government retains the burden of proof described above, *see id.*, and the defendant retains the presumption of innocence. 18 U.S.C. § 3142(j).

Prior to the detention hearing, the United States Pretrial Services Office submitted a written report dated August 3, 2015. (Doc. No. 8). At the hearing, neither party had any objection to any of the facts contained in the pretrial services report. Therefore, the Court hereby adopts and incorporates by reference into this order the facts set forth in the Pretrial Services report.

At the detention hearing, defense counsel and the government were in agreement that, in addition to location monitoring and supervision by the U.S. Pretrial Services Office, a condition requiring Defendant to reside in a residential care facility approved by the U.S. Pretrial Services Office would mitigate any risks otherwise posed by releasing Defendant. For the reasons stated on the record at the time of the hearing, I find that, even when the rebuttable presumption is considered, the conditions of release set out in this Order will reasonably assure the Court that Defendant will not be a danger to the community and will not flee.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant Christopher Roe be detained (Doc. No. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Christopher be released from the custody of the United States Marshals Service upon the following conditions:

1. Defendant must submit to supervision by the U.S. Pretrial Services Agency.
2. Defendant must reside at a residential treatment facility pre-approved by the U.S. Pretrial Services Agency and must be participate in location monitoring as required by Pretrial Services.
3. Defendant must participate in mental health treatment deemed necessary by Pretrial Services.
4. Defendant must comply with all other non-financial conditions of release ordered by the Court.

**IT IS FINALLY ORDERED** that the Court will schedule a bond appearance once it is advised by Pretrial Services or Defendant that Defendant has satisfied condition no. 2 above.

    SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated August 12, 2015.